Harold A. Stevens, J.
Defendant Bates Manufacturing Company appears specially herein and moves to vacate and set aside a purported service of process upon it. The stated grounds are (1) that the movant is a foreign corporation, not authorized to do business in the State of New York, that it is not in fact doing business here, and (2) that the purported service was not made in the manner prescribed by section 229 of the Civil Practice Act.
*55 There is a similar motion in a companion case, herein referred to as the Boda case, with the exception that the defendant does not claim the purported service was not in accordance with the provisions of section 229 of the Civil Practice Act.
The resolution of the motions rests upon the determination of the issue: was the defendant Bates Manufacturing Company doing business in the State of New York?
Action was allegedly instituted in each case by service of process. In the Blau case service was allegedly made upon the president of the corporation, which defendant denies, asserting such service to have been made upon an employee of a separate corporation. In the Boda case, admittedly, service was made upon the president of the foreign corporation.
There is is no dispute that the president and treasurer of the defendant foreign corporation reside in New York, and that they are also the president and treasurer of a subsidiary, herein called Fabrics, a New York corporation wholly owned by defendant corporation.
By agreement dated January 3, 1950 between defendant and Fabrics, it was agreed, in part, that the defendant Bates Manufacturing Company, herein called Bates, should sell 1 ‘ to Fabrics such of Bates products as Fabrics shall elect to buy ” (italics ours), and, further, in paragraph (3) “ Fabrics shall maintain a competent selling organization and shall use its best efforts to sell to the proper trades the entire output of Bates” (italics ours). Fabrics was not to conduct business under the name or for the account of Bates, was not to enter into contracts on behalf of Bates or bill goods to third persons on its behalf, make any promise or representation relative to Bates’ goods, or use the term “ agent ” or “ agency” in the conduct of its business. While Fabrics, under the agreement, was to prepare and pay for advertising campaigns and its sales literature, all details were subject to the approval of Bates, which was to furnish samples and labels and reimburse Fabrics up to certain percentages to be agreed upon.
Bates did not assume any responsibility for collection of accounts, guarantee any losses or assume credit risks. The officers of Bates and Fabrics, save for the two indicated, are separate, as are the payrolls, personnel and Federal tax payments. Fabrics pays a New York State tax, while Bates does not do so. Fabrics has its own bank account.
Plaintiffs contend that Bates has referred in its latest annual report to Fabrics as its “ selling division ”, and that Bates maintains accounts in four New York banks, though it is not claimed Fabrics has access to or uses the same. Plaintiffs con *56 tend that Fabrics is really an agent of Bates, and that Bates is in fact doing business here through Fabrics as its alter ego. Defendant Bates contends that the relationship is that of supplier and distributor, with each corporation having its own rights and responsibilities.
It is to be noted that these plaintiffs are not members of the general public, misled to their detriment by a holding out by Bates of Fabrics as its alleged agent, in which case Bates might be estopped to deny responsibility. These are minority stockholders who, by virtue of that status and the alleged information gleaned as a result of their relationship, contend that Bates is in fact doing business in New York. They seek to question the acquisition by Bates of certain facilities in Virginia, Georgia, and the Province of Quebec, Canada.
While section 224 of the General Corporation Law provides “An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action ”, it is still requisite that proof be adduced showing that the foreign corporation is in fact doing business within the jurisdiction.
Bates has no office or telephone listing in New York, and from the moving papers it appears that the two officers above referred to make frequent trips to the home office of Bates, maintain offices there which are paid for by Bates and apparently transact the business of that corporation from that point.
It is not disputed that the offices they maintain in New York at Fabrics are paid for by Fabrics. It is not shown that they “ systematically transact a substantial portion of [Bates] corporate business with a fair degree of permanency and continuity ” from the New York office of Fabrics. The corporate books and records of Bates are apparently in Maine, and no certificate has been filed here by Bates nor any person designated to receive service of process.
It has been held that stock ownership or stock control is not alone sufficient to constitute doing business, nor is the fact that the two officers are residents of New York for their own personal convenience sufficient to confer jurisdiction on the foreign corporation, though they are, of course, amenable to personal service upon themselves as individuals and liable to respond as such. The agreement herein referred to seems to reflect a “ studied effort and intent on its [Bates] part to keep without the jurisdiction of this State and not render itself amenable to process here.”
It seems to us that one of the objectives of the statute making a foreign corporation amenable to process if and when it is *57 doing business here, is to prevent the acquisition of profit while permitting the evasion of responsibility to the detriment of the public, or those who by virtue of the nature of its business are led to deal with it.
The history of the two corporations, Bates and Fabrics, together with a consideration of all factors as related here, impels us to conclude on the facts before us that Bates is not doing business in the State of New York so as to confer jurisdiction upon the service as made. Motion granted. Settle order.